In the Matter of the Application of MINNIE COHEN, Petitioner, against PAUL MOSS, Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, New York County, February 2, 1938.

*Giden & Giden*, for the petitioner.

*Paul Windels, Corporation Counsel* [*David I. Shivitz* of counsel], for the respondent.

SHIENTAG, J. No valid reason has been shown for a denial of the license to construct a moving picture theatre upon the site in question. Under the zoning laws the applicant is clearly entitled to devote her property to the use indicated. Neither public health nor safety precludes such use. The only question is whether it is contrary to public morals to allow the erection of a theatre near a place of religious worship. The lawmaking body undoubtedly has it within its power specifically to prohibit that kind of structure under the circumstances indicated. This it has failed to do.

I feel so strongly, however, that it is such extremely bad taste and so undesirable to permit the erection of places of amusement near houses of worship, that if the synagogue involved was functioning as a temple of worship, or at least was in process of actual construction, I would hold that an issue of public morals was presented. The public interest to be conserved would then be paramount to the private right under the zoning laws to build the theatre. It clearly appears, however, from the record before me, and that is all I have to go by, that the synagogue is neither functioning as such nor has any attempt been made to proceed with its construction. The foundation was laid over two years ago. Since that time nothing has been done towards the erection of the structure and no facts have been presented to indicate when, if at all, construction can or will go forward.

In denying the application for the license, the commissioner having jurisdiction granted permission to renew if construction was not commenced within six months. Four months have since elapsed and nothing has been done. There is no indication in the papers before me that any arrangements have been made to finance the project. All we have is a hope and an expectation, worthy, to be sure, that it will some day in the future be brought to fruition and translated into a reality.

Under those circumstances I fail to find any warrant in law for withholding a license for a theatre, no entrance to which is even on the same street as that of the proposed synagogue and center. The motion for reargument is granted, but on the reargument the original determination is adhered to.